Matthias, J.
The primary question presented in this case arises out of the claim that the joint board of county commissioners of Perry and Fairfield counties had no jurisdiction whatever over the improvement of a river, creek or run, and no authority to make any order relative thereto.
It has long been settled in this state that the board of county commissioners has such powers and jurisdiction, and only such, as are conferred by statute. A joint board of county commissioners is a mere creature of statute, and no one contends,that it has any power to act or jurisdiction over any proceeding for ditch construction or otherwise unless it be expressly conferred by statutory provision. At the time in question, our statute, Section 6536, General Code, conferred upon a joint board of county commissioners authority covering only the improvement of joint county ditches, drains and water-courses, and although previously the board of county commissioners of a single county had been clothed with power, not only to construct ditches, drains and water-courses within the county, but with further áuthority to straighten, widen and deepen a,river, creek or run, jurisdiction over the. class of improvements last mentioned had been withheld by the leg *371 islature from joint boards of county commissioners.
In 1906, in the case of Commissioners of Greene Co. v. Harbine, 74 Ohio St., 318, the question of the authority of a board of county commissioners of a single county to convert a living stream of water into a ditch, under authority of the statute as it then existed, was before the court. It was there held that the term “water-course,” as used in the county ditch law, is synonymous with the word “drain;” that the county commissioners were without authority to convert a living stream of water into a ditch by a proceeding for the location and construction of a ditch. In that case it was clearly determined that the term “water-course” was not used in such a sense as to include a living stream, but only as a drain for water. The decision in that case is quite decisive of the question of the authority of a joint board of county commissioners to act with reference to an improvement such as. the one in question at the time the order therefor was made, for at that time Section 6536, General Code, provided as follows:
“Ditches, drains or water-courses which provide drainage, or, when constructed, will provide drainage for lands in more than one county, may be located, constructed, cleaned, repaired, straightened, widened, altered, deepened, boxed or tiled, as provided in this chapter and the laws prescribing for locating, constructing, cleaning, repairing, straightening, widening, altering, deepening, boxing or tiling single county ditches.”
*372 Subsequent to the decision in the Harbine case, the legislature, by the enactment of Section 6563-1, General Code, conferred authority upon joint boards of county commissioners to improve a ditch, drain or natural water-course, but not until subsequent to the proceeding for the improvement involved in this controversy did the legislature by amendment of Section 6536, General Code, extend the jurisdiction of joint boards of county commissioners so as to include the improvement of a river, creek or run.
The conclusion is inevitable that the joint board of county commissioners was wholly without jurisdiction upon petition or otherwise to authorize the improvement in question. It is equally true here, as was said in the Harbine case in response to the citation of Haff v. Fuller, 45 Ohio St., 495, and other similar cases, that‘“In the present case the want of jurisdiction does not arise from some error appearing on the record of the proceedings but from want of power in the commissioners to act at all.”
For the reasons stated the judgment of the court of appeals is reversed and that of the common pleas affirmed.

Judgment reversed.

Marshall, C. J., Johnson, Hough, Wanamaker, Robinson and Jones, JJ., concur.